```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

___

HUBERT BENSON,

    Plaintiff,

vs.                                       No. 06-2367-JDB/tmp

SHELBY COUNTY,

    Defendant.

___

```
        ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
                    ORDER ASSESSING FILING FEE
            ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
                        ORDER OF DISMISSAL
                               AND
            ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
___

Plaintiff Hubert Benson, a resident of Memphis, Tennessee, who was formerly incarcerated at the Shelby County Criminal Justice Complex ("Jail"), filed a complaint under 42 U.S.C. § 1983. The Clerk of Court shall record Shelby County as the Defendant.[1] The motion to proceed in forma pauperis is GRANTED.

I.  Denial of Motion for Appointment of Counsel

On June 14, 2006, Plaintiff filed a motion for appointment of counsel. A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil

---

[1] Benson named the Shelby County Jail as the Defendant. Because governmental departments and buildings are not suable entities, the Court construes the complaint to name Shelby County as the Defendant. See generally Hafer v. Melo, 502 U. S. 21 (1991).

litigant.  See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).  Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself.  See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").  As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some

likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

II. Analysis of Plaintiff's Claims

Plaintiff Benson sues Shelby County alleging that he was denied pain medication and proper medical treatment while incarcerated at the Shelby County Jail. Benson further claims that he was at risk of harm during his incarceration because he was housed with insane inmates and state inmates. He also states that his food and drinking water were unsanitary and that he was bitten by a spider. Benson seeks monetary compensation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits.

---

[2] The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

42 U.S.C. § 1997e(c)(2).[3] Plaintiff's complaint is subject to dismissal in its entirety.

A local governmental entity, such as a city or county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992).  See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691  (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county

---

[3] In this case, Benson merely asserts that he filed a grievance which was deemed grievable but "that would be the last [he heard] from the grievance." To the extent Plaintiff's exhibits and allegations are insufficient to demonstrate total exhaustion, the Court screens his complaint under 42 U.S.C. § 1997e(c)(2).

under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).

In this case, it is clear from the complaint that Plaintiff relies entirely on the fact that he was incarcerated at the Shelby County Jail as the basis for his claim that Shelby County violated his civil rights. None of the facts alleged supports an inference that Plaintiff was harmed by an unconstitutional custom or policy of Shelby County.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted. The motion for discovery filed on December 8, 2006, is DENIED as moot, based on the dismissal of the complaint.

IV.   Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet

5

has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

Because plaintiff has been released from prison, the installment provisions of the PLRA are no longer applicable. If plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997); Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997).

By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above

---

[4]  The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

6

assessment of the appellate filing fee within thirty (30) days[5] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  Although Benson has now been released from prison, he was incarcerated at the time that he filed this complaint for purposes of § 1915(g).

IT IS SO ORDERED this 27th day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5]   The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.